[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION Re: MOTION TO STRIKE #103
This action arises from an alleged incident on July 23, 1993 wherein the plaintiffs allege that the plaintiff Samuel Stubenhaus, a minor, three years of age, was bitten by the defendant's dog. As against the defendant, the complaint is grounded in strict liability pursuant to C.G.S. § 22-357 (the dog bite statute), and in negligence. In the fifth count of the amended complaint, the plaintiff Elizabeth Stubenhaus, mother of Samuel, alleges that she was "standing immediately next to Plaintiff Samuel Stubenhaus when Plaintiff Samuel Stubenhaus was suddenly attacked and bitten by the dog owned by the Defendant and caused to suffer multiple dogbites of the face." The plaintiff Elizabeth Stubenhaus further alleges that as a result of witnessing the injuries being caused to her son, she suffered emotional distress.
The defendant has moved to strike the fifth count of the complaint on the basis that a cause of action for bystander emotional distress is not permissible under Connecticut law.
A review of the briefs filed by the parties along with the trial court opinions attached to each, clearly reflects a split of authority among superior court judges who have been called upon to decide the issue presented herein. Additionally, the court is of the opinion that there exists at present no definitive Appellate or Supreme Court opinion on point. The Supreme Court has rejected a cause of action for bystander emotional distress in the context of a medical malpractice CT Page 11954 action. Maloney v. Conroy, 208 Conn. 392 (1988). In Maloney the Court cited the difficulty in distinguishing the emotional distress and suffering which would naturally occur to a close relative of one who has suffered an injury, from that caused by the actual witnessing the harm being caused to a loved one by the wrongful act of another. The Court also enumerated a number of policy considerations mitigating against the recognition of such a cause of action in a medical malpractice case. Maloney leaves open the question of whether a claim for bystander emotional distress should be recognized in cases other than those involving medical malpractice.
The case involves allegations that the mother of a three year old, while standing immediately next to him, witnessed her child be attacked by the defendant's dog. There is little doubt that in such a scenario, a trier of fact could recognize the emotional distress and upset that would likely accompany such an event, by virtue of her actually witnessing it as opposed to the suffering which would naturally flow from such injuries alone whether or not through the fault of another.
Additionally, this court does not believe that the policy considerations, which led the Court in Maloney to reject the plaintiff's claim of bystander emotional distress exist in the factual circumstances alleged in the case at hand.
In the Court's view, however, a cause of action for bystander emotional distress should be limited to those claims which are the most foreseeable as the natural consequence of wrongful conduct. Such limitations have been set forth by the California court in Thing v. LaChusa, 771 P.2d 814 (Cal. 1989), at p. 829 as follows:
 [W]e conclude, therefore, that a plaintiff may recover damages for emotional distress caused by observing the negligently inflicted injury of a third person if, but only if said plaintiff; (1) is closely related to the injury victim; (2) is present at the scene of the injury producing event at the time it occurs and is then aware that it is causing injury to the victim; and (3) as a result suffers serious emotional distress — a reaction beyond that which would be anticipated in a disinterested witness and CT Page 11955 which is not an abnormal response to the circumstances.
The allegations of the fifth count of the complaint, construed in favor of the pleading subject to attack, would appear to satisfy the criteria set forth above. The Motion to Strike is therefore denied.
THOMPSON, J.